UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No: 8:17-cv-92-T-27MAP

ASKINS & MILLER ORTHOPAEDICS,
P.A., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is United States' Motion for Preliminary Injunction (Dkt. 14), which Defendants oppose (Dkt. 17). The United States seeks a preliminary injunction requiring Defendants to comply with their employment tax obligations.[1] Argument was presented during a hearing on September 19, 2017. Upon consideration, the Motion is DENIED without prejudice.

---

[1] The terms of the injunction the United States requests are as follows:

(1) Defendants shall pay over to the Internal Revenue Service all income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees and Askins & Miller's own share of FICA taxes (collectively, "employment taxes");
(2) Defendants shall segregate (i.e., hold separate and apart from all other funds) all employment taxes of employees of Askins & Miller in an appropriate federal depository bank in accordance with the federal deposit regulations;
(3) Defendants shall not transfer any money or property to any other entity to have that entity pay the salaries or wages of Askins & Miller's employees;
(4) Defendants shall not assign any of Askins & Miller's property or rights to Askins & Miller's property or make any disbursements from Askins & Miller's accounts before paying all required outstanding liabilities due on each employment tax return required to be filed going forward from the date of the preliminary injunction;
(5) Defendants shall sign and deliver affidavits to the IRS at 5971 Cattleridge Boulevard, Suite 102-Mail Stop 5410, Sarasota, FL 34232, or to such other specific location as directed by the IRS, within two banking days after each employment tax deposit is due, stating that the requisite deposit was timely made;
(6) Defendant Roland V. Askins III shall notify the IRS of any new company or business he may come to own or manage; and
(7) Defendant Philip H. Askins shall notify the IRS of any new company or business he may come to own or manage.

1

District courts have jurisdiction to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). And, the traditional factors used in determining whether to issue an injunction are used for issuing an injunction under § 7402(a). *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984).

To demonstrate entitlement to a preliminary injunction, the party seeking the injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered absent the injunction; (3) the threatened injury outweighs the potential damage of the proposed injunction; and (4) the injunction would not be adverse to the public interest. *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011). "Foremost among the principles governing the use of the injunctive remedy is the traditional requirement 'that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Ernst & Whinney*, 735 F.2d at 1301 n. 11 (alteration in original) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971); *O'Hair v. Hill*, 641 F.2d 307, 310 (5th Cir.1981)).

The United States has not shown that an injunction is necessary or appropriate as required by § 7402(a). And, the United States has not demonstrated a substantial likelihood of success on the merits. The affidavit of Richard Paulsen, a revenue officer at the Internal Revenue Service, is conclusory.[2] (Dkt. 14-1). However, even if the United States could cure the deficiencies in Paulsen's affidavit, the prospective relief it seeks is effectively an "obey-the-law" injunction requiring the Defendants to comply with internal revenue

---

[2] Further, he fails to suggest that the Defendants are engaged in a scheme to divert monies or violate the public trust or explain why the United States seeks to require Defendants Roland V. Askins III and Philip H. Askins to notify the IRS of any new business each may come to own or manage.

2

laws.[3] And, the enforceability of obey-the-law injunctions has been repeatedly questioned in the Eleventh Circuit. *See e.g. S.E.C. v. Graham*, 823 F.3d 1357, 1362 n. 2 (11th Cir. 2016) ("Repeatedly we have said that . . . "obey-the-law" injunctions are unenforceable."); *Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222–23 (11th Cir. 2000) (citing cases holding that obey-the-law injunctions are unenforceable); *cf. S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012) (recognizing that in some cases, an injunction enjoining the violation of statutory and regulatory provisions may comply with Rule 65(d)).

Accordingly, United States' Motion for Preliminary Injunction (Dkt. 14) is **DENIED without prejudice**.

**DONE AND ORDERED** this 21st day of September, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

---

[3] During the hearing, the United States argued it sought prospective relief. Notwithstanding, the injunction it seeks requires the Defendants to "pay over to the Internal Revenue Service all income and . . . taxes withheld from employees," which as of January 5, 2017 exceeds $270,000. (Dkt. 14).