UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No: 8:17-cv-92-T-27MAP

ASKINS & MILLER ORTHOPAEDICS,
P.A., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is United States' Renewed Motion for Preliminary Injunction (Dkt. 23), Defendants' opposition (Dkts. 26, 28), and the United States' reply and supplemental briefing (Dkts. 31, 33). Argument was heard on February 1, 2018. Upon consideration, the Motion is DENIED.

Relying on 26 U.S.C. § 7402(a), the United States seeks an injunction requiring Defendants "to comply with their employment tax obligations." (Dkt. 23 at p. 1).[1] In short, the United States

---

[1] The injunction proposed by the United States includes the following terms:

(1) Defendants shall, for liabilities due on each employment tax return required to be filed after the date of the preliminary injunction, pay over to the IRS all income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees and Askins & Miller's own share of FICA taxes (collectively, "employment taxes");

(2) Defendants shall segregate (*i.e.*, hold separate and apart from all other funds) all employment taxes of employees of Askins & Miller and shall, on a semiweekly schedule, deposit them in an appropriate federal depository bank;

(3) Defendants shall not transfer any money or property to any other entity—except a payroll processing company that is shown a copy of the injunction and is approved in advance by Revenue Officer Richard Paulsen (or another employee designated by the IRS)—to have that entity pay the salaries or wages of Askins & Miller's employees. If Defendants employ an approved payroll processing company, all transfers shall include sufficient funds for the payroll processing company to make Askins & Miller's federal tax deposits, and Defendants shall provide the payroll processing company with the authority and information necessary to make such deposits;

1

seeks an injunction that requires Defendants to comply with the Internal Revenue laws, or, in other words, to "obey-the-law." Indeed, the United States, in its own words, is "attempting to ensure that Defendants comply with the same tax laws that all other businesses must follow." (Dkt. 23 at p. 2).

Section 7402(a) "encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984). Notwithstanding, this Circuit has repeatedly "questioned the enforceability of obey-the-law injunctions" in the context of securities cases and others. *S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012). Most notably, it "went out of [its] way to condemn these injunctions because they lack specificity and deprive defendants of the procedural protections that would ordinarily accompany a future charge of a violation of the securities laws." *Id.*

Following this precedent, the United States' proposed injunction would be unenforceable. The only question is whether a more narrowly drawn injunction, proscribing specific statutory violations, would meet the specificity requirements of Rule 65(d). *Id.* at 952-53 ("In sum, we emphasize that an injunction prohibiting violations of the securities regulations must comply with Rule 65(d).").

---

(4) Except for use of a payroll processing company in accordance with paragraph three above, Defendants shall not assign any of Askins & Miller's property or rights to Askins & Miller's property or make any disbursements from Askins & Miller's accounts before making all required deposits and paying all required outstanding liabilities due on each employment tax return required to be filed after the date of the preliminary injunction;

(5) Defendants shall sign and deliver affidavits to the IRS at 5971 Cattleridge Boulevard, Suite 102-Mail Stop 5410, Sarasota, FL 34232, or to such other specific location as directed by the IRS, within two banking days after each employment tax deposit is due, stating that the requisite deposit was timely made;

(6) Defendant Roland V. Askins III shall notify the IRS of any new company or business he may come to own or manage; and

(7) Defendant Philip H. Askins shall notify the IRS of any new company or business he may come to own or manage.

The focus of the United States' concerns is the failure of Defendants to remit withheld payroll taxes to the Internal Revenue Service in the past. Seeking prospective relief, its proposed injunction includes a requirement that:

> Defendants shall, for liabilities due on each employment tax return required to be filed after the date of the preliminary injunction, pay over to the IRS all income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees and Askins & Miller's own share of FICA taxes (collectively, "employment taxes").

With respect to withheld employee taxes, once those taxes are withheld by an employer, they "constitute a special fund held in trust for the United States." *Thibodeau v. United States*, 828 F.2d 1499, 1506 (11th Cir. 1987). Those funds are not property of Defendants, but rather belong to the employees. And the record demonstrates that Defendants have diverted and misappropriated those funds, rather than remit them to the IRS. For example, since 2010, the company has unpaid employment taxes in 15 quarters for the period between June 30, 2010 and January 5, 2017. (Paulsen Decl. ¶ 19, Dkt. 23-1).

Accordingly, where, as here, the United States has demonstrated a proclivity for unlawful conduct, injunctive relief may be appropriate. *McComb v. Jacksonville Paper Co*, 336 U.S. 187, 192 (1949) ("By its terms it enjoined any practices which were violations of those statutory provisions. Decrees of that generality are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown. . . Respondent's record of continuing and persistent violations of the Act would indicate that that kind of a decree was wholly warranted in this case."). And the specificity requirements of Rule 65(d) are met where an injunction "enjoins violations of the statute, the terms of the statute were specific, and the defendant clearly knew what conduct the injunction addressed." *Goble*, 682 F.3d at 951.

3

Under FICA, Askins & Miller is required to withhold payroll taxes from wages it pays to its employees and remit those taxes, along with its share of FICA taxes, to the IRS. 26 U.S.C. §§ 3101, 3102, 3111, 3402. Askins & Miller "does not contest its responsibility" to pay its employment tax obligations, and admits it failed to deposit or made late deposits of employment taxes over a seven year period. (Dkt. 23-2). And since December 2010, the IRS has made numerous attempts to bring Askins & Miller into compliance with its obligations through phone calls, in person meetings, and installment agreements. (*Id.* ¶¶ 28-31). And Paulsen avers that "[s]ince that time, the company . . . has only sporadically complied with its obligations to deposit its employment taxes and pay them over to the IRS. The few instances in which the company has complied indicate that Defendants know how to follow the law but nonetheless choose to disobey it." (*Id.* ¶ 4).

The statutes with which Defendants must comply are specific, and the record demonstrates that they are well aware of the conduct the proposed injunction addresses, their failure to remit to the IRS taxes withheld from their employees. 26 U.S.C. §§ 3102, 3111, 3402, 6302 and 6157; 26 C.F.R. § 31.6302-1. The inquiry does not stop there, however.

The traditional factors used in determining the propriety of injunctive relief are considered in determining whether to issue an injunction under § 7402(a). *Ernst & Whinney*, 735 F.2d at 1301. The United States must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered absent the injunction; (3) the threatened injury outweighs the potential damage of the proposed injunction; and (4) the injunction would not be adverse to the public interest. *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011). Factors 1, 3, and 4 are not seriously disputed by Defendants. They contend, however, that the United States has an adequate remedy at law and therefore cannot establish irreparable harm.

4

"Foremost among the principles governing the use of the injunctive remedy is the traditional requirement 'that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Ernst & Whinney*, 735 F.2d at 1301 n. 11 (alteration in original) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *O'Hair v. Hill*, 641 F.2d 307, 310 (5th Cir.1981)). And, "[i]n determining whether the [United States] is entitled to an injunction in this case, it will be necessary . . . to examine the extent to which its interests are protected by available legal remedies." *Id.*

Defendants contend that the United States has an adequate remedy at law by bringing an action for damages to collect unpaid employment taxes, as it has done in this case. And that contention is supported by the "fundamental principle of equity jurisprudence" that "[i]t is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994).

Generally, an injury is irreparable "'if it cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir.1987)). An injury is irreparable if damages would be "difficult or impossible to calculate." *Id.* But here, withheld payroll taxes are specific and can be accurately calculated. And while the United States makes much of its inability to collect from Defendants, that does not constitute irreparable injury under Circuit precedent or Florida law.[2] As has been succinctly stated:

---

[2] Specifically, the United States contends that it lacks an adequate remedy at law "because all previous efforts to employ legal remedies have failed[.]" (Dkt. 23 at 11). Indeed, the IRS served levies on approximately twenty-four entities, only three of which have paid in response. (Paulsen Decl. ¶ 11, Dkt. 23-1). One entity stopped making payments because it has a superior claim to the funds due to a loan default by Askins & Miller. (*Id.* ¶ 12). Over approximately a year and a half, $190,000 of Askins & Miller's funds have been diverted to an account that operates a private hunting club for Defendants Ronald V. Askins III ("R. Askins"), Askins & Miller's president, and Philip Askins ("P. Askins"),

> Bringing an action to recover money damages 'does not entitle the claimant to equitable relief simply because the complaint alleges uncertainty of collectibility of a judgment if a fund of money is permitted to be disbursed. The test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible.' (citation omitted).

*Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1531 (11th Cir. 1994).[3]

## Conclusion

The United States has not demonstrated that an injunction under 26 U.S.C. § 7402(a) is appropriate since it has not demonstrated that it will suffer irreparable harm in the absence of an injunction requiring Defendants to comply with the internal revenue laws.[4] While Defendants do

---

Askins & Miller's vice president, which Defendants contend are "distributions" made to R. Askins "in light of his modest salary." (*Id.* ¶ 15; P. Askins Decl. ¶ 9, Dkt. 28). Additionally, Askins & Miller failed to disclose all of its accounts to the IRS. (Paulsen Decl. ¶ 16, Dkt. 23-1). And the IRS attempted to assess trust fund recovery penalties against R. Askins and P. Askins. (*Id.* ¶ 19). To collect penalties from R. Askins, it issued levies to approximately fifteen entities, eight of which were trusts controlled by the Askins family. (*Id.* ¶ 21). The Askins family trusts did not respond to the levy. (*Id.*). To collect penalties from P. Askins, it issued levies to approximately six entities. (*Id.* ¶ 22). One responded with a payment of $1,604.57, following which P. Askins closed the account. (*Id.*). The IRS filed Notices of Federal Tax Liens and considered seizing assets. (*Id.* ¶¶ 24-26). As of November 2015, however, Askins & Miller owned no investments, accounts or notes receivable, real estate, or business equipment for the IRS to seize. (*Id.* ¶ 27). The asset Askins & Miller owns, a 2004 Cadillac worth $10,000, is woefully insufficient to satisfy its outstanding tax liabilities. (*Id.*).

By keeping taxes it withholds from employees' pay because of its financial hardships, Defendants essentially make the government an "unwilling partner in a business experiencing financial difficulties." *Thibodeau*, 828 F.2d at 1506. More than $80,000 of Askins & Miller's past liabilities were funds withheld from employees which were not paid to the IRS. (Paulsen Decl. ¶ 8, Dkt. 23-1).

[3] It is likewise recognized in Florida that "[i]rreparable harm is not established if the harm can be adequately compensated by a monetary award." *Bautista REO U.S., LLC v. ARR Investments, Inc.*, 229 So. 3d 362, 365 (Fla. 4th DCA 2017). Finally, the United States cites no persuasive authority supporting its contention that irreparable harm is shown by the drain on IRS resources resulting from its attempt to collect Defendants' outstanding tax liabilities, time that could be devoted to pursuing enforcement against other delinquent taxpayers. (Paulsen Decl. ¶ 10, Dkt. 23-1).

[4] The Court agrees with the United States that the possibility of criminal prosecution does not provide an adequate legal remedy, even though Defendants could be subject to criminal prosecution for wilful violations of the Internal Revenue laws. *See* 26 U.S.C. § 7201 (attempting to evade or defeat any tax may be result in a term of imprisonment of not more than five years and/or a fine not more than $100,000, together with the costs of prosecution); 26 U.S.C. § 7202 (willfully failing to collect and pay over any tax, may result in a term of imprisonment of not more than five years and/or a fine not more than $10,000, together with the costs of prosecution); *United States v. Farr*, 701 F.3d 1274, 1285 (10th Cir. 2012) (describing how the government can seek criminal penalties against individual officers or employees responsible for collecting the offending employer's employment taxes); *United States v. Gilbert*, 266 F.3d 1180, 1185 (9th Cir. 2001) (the "act of paying wages to his employees instead of remitting withholding taxes to the IRS, shows that [the defendant] voluntarily and intentionally violated § 7202"); *see e.g. United States v. Lanphier*, 3:14-cr-00127-SDD-RLB, Dkt. 21 (M.D. La. 2015) (forty-eight month sentence and $5,981,405 in restitution for failure to truthfully account for and pay over taxes); *United States v. Russell*, 4:12-cr-03042-JMG-CRZ, Dkt. 100 (D. Neb. 2013)

not contest their employment tax obligations, and the record demonstrates that they have failed to comply with those obligations and are likely to continue ignoring them, the United States, like any other creditor, must resort to the remedies provided by law.

Accordingly, United States' Renewed Motion for Preliminary Injunction (Dkt. 23) is **DENIED**.

**DONE AND ORDERED** this 6th day of February, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

(sixteen month sentence and $311,486.21 in restitution for failure to pay over withholding and FICA. taxes); *United States v. Amodeo*, 6:08-CR-176-ORL-28KRS, Dkt. 140 (M.D. Fla. 2009) (270 month sentence and $181,810,518.66 in restitution for conspiracy to defraud, commit wire fraud, obstruction of an agency proceeding, and failure to collect and remit payroll taxes).