UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            Case No: 8:17-cv-92-T-27AAS

ASKINS & MILLER ORTHOPAEDICS,
P.A., et al.,

    Defendants.
_____/

## ORDER

This cause is before the court on remand from the Eleventh Circuit Court of Appeals.[1] On December 17, 2019, a hearing was conducted on the United States' Renewed Motion for Preliminary Injunction under 26 U.S.C. § 7406(a), as directed by the Eleventh Circuit. Upon consideration, the United States' motion is **GRANTED**. Defendant Roland V. Askins III, Roland V. Askins III, MD, P.A., and all persons and entities in active concert or participation with them are enjoined from violating the Internal Revenue employment tax reporting and payment requirements.

Specifically, Defendants shall, for each annual quarter after the date of this preliminary injunction, file or cause to be filed, all required employment tax returns and pay to the Internal Revenue Service ("IRS") all income and Federal Insurance Contributions Act ("FICA") taxes

---

[1] The Eleventh Circuit directed:

On remand, the district court should consider the collectability of a future money judgment in determining whether that remedy is "adequate." It should also consider any relevant factual developments that may affect the propriety of the injunctive relief sought, including the defendants' assertion that Askins & Miller is no longer in business and the IRS's contention that it may need to seek additional injunctive relief in light of those developments. As we have already explained, this analysis is distinct from the mootness issue that we have addressed. Apart from what we have already said, we express no opinion on whether an injunction is ultimately appropriate. Rather, we leave it for the district court on remand to exercise its equitable discretion consistent with the principles in this opinion.

*United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1362-63 (11th Cir. 2019).

withheld from employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A., and Roland V. Askins III's and/or Roland V. Askins III, MD, P.A.'s share of FICA taxes. Defendants shall segregate on a semiweekly schedule all employment taxes of employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A. in a federal depository bank in accordance with the federal deposit regulations.[2]

## Discussion

In support of its request, the United States relies on Defendant's undisputed failure to remit withheld payroll taxes to the IRS when he practiced with Askins & Miller Orthopaedics, P.A., contending this demonstrates a likelihood of future violations of the Internal Revenue Code as it relates to collecting and remitting employee payroll taxes. This court previously found that the United States had demonstrated Askin's proclivity for unlawful conduct in the past, by failing to pay over income tax and FICA taxes withheld from employees of Askins & Miller Orthopaedics, P.A. Specifically, this court found that "Defendants have diverted and misappropriated those funds, rather than remit them to the IRS." (Dkt. 43 at 3).

Under FICA, Defendant and Roland V. Askins III, MD, P.A, are required to withhold payroll taxes from wages paid to employees and remit those taxes, along with the employer's share of FICA taxes, to the IRS. *See* 26 U.S.C. §§ 3101, 3102, 3111, and 3402. Once those taxes are withheld, they "constitute a special fund held in trust for the United States." *Thibodeau v. United States*, 828 F.2d 1499, 1506 (11th Cir. 1987).

Defendant does not contest his or his P.A.'s responsibility to pay his employment tax obligations, and admitted that Askins & Miller Orthopaedics, P.A. failed to deposit or made late deposits of employment taxes over a seven year period. (Dkt. 23-2). And since December 2010, the IRS has made numerous attempts to bring Askins & Miller into compliance with its obligations through phone calls, in person meetings, and installment agreements. (Id. at ¶¶ 28-31). And "[s]ince that time, the company . . . has only sporadically complied with its obligations to deposit its

---

[2] The United States has withdrawn its request for injunctive relief against Askins & Miller Orthopaedics, P.A. and Philip H. Askins.

employment taxes and pay them over to the IRS. The few instances in which the company has complied indicate that Defendants know how to follow the law but nonetheless choose to disobey it." (Id. at ¶ 4).

The statutes with which Defendant must comply are specific, and the record demonstrates that they are well aware of the conduct the Government's proposed injunction addresses, his failure to remit to the IRS taxes withheld from employees. *See* 26 U.S.C. §§ 3102, 3111, 3402, 6302 and 6157; 26 C.F.R. § 31.6302-1. Indeed, since practicing under Roland V. Askins III, MD, P.A., employee tax returns have been filed each quarter since the last quarter of 2018, and withheld taxes and FICA taxes paid. While the United States contends that ongoing violations are occurring, in that it "appears" that employee wages have been underreported and that two employees have been misclassified as independent contractors (Dkt. 62 at 4), it is unnecessary to delve into those contentions for purposes of determining whether injunctive relief is appropriate, since the history of transgression by Defendant and his former P.A. alone demonstrates that unless enjoined, he is likely to repeat those transgressions.

Where, as here, the United States demonstrates a proclivity for unlawful conduct, injunctive relief may be appropriate. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949) ("By its terms it enjoined any practices which were violations of those statutory provisions. Decrees of that generality are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown. Respondent's record of continuing and persistent violations of the Act would indicate that that kind of a decree was wholly warranted in this case.") (internal citations omitted). The traditional factors "shaping the district court's use of the equitable remedy" of injunction are considered in determining the propriety of injunctive relief under § 7402(a). *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984). The United States must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered absent the injunction; (3) the threatened injury outweighs the potential damage of the proposed injunction; and (4) the injunction would not be adverse to the public interest. *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011). The first, third, and fourth factors are not disputed by Defendant.

3

"Foremost among the principles governing the use of the injunctive remedy is the traditional requirement 'that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Ernst & Whinney*, 735 F.2d at 1301 n. 11 (alteration in original) (quotations omitted). And, "[i]n determining whether the [United States] is entitled to an injunction in this case, it will be necessary . . . to examine the extent to which its interests are protected by available legal remedies." *Id.*

The Eleventh Circuit instructs that "the collectability of a future money judgment to redress future harms is relevant in determining whether legal remedies are 'adequate' such that they preclude injunctive relief under § 7402(a)." *Askins & Miller*, 924 F.3d at 1359. Considering the unsuccessful efforts to collect by the IRS, I find that the likelihood that the United States could avoid irreparable harm by obtaining monetary relief is virtually non-existent. As the United States correctly contends, "[t]here is no reasonable prospect of collecting any future money judgments for unpaid employment taxes." (Dkt. 62 at 7). Roland V. Askins III, MD, P.A. has no assets and has substantial liabilities and a judgment against it for more than $124,000. (Id.). Roland V. Askins III's practice is making "just marginally" more than its expenses. (Id.). In his October 2018 bankruptcy filing, he listed just $47,925 in assets, and more than $4,814,000 in liabilities, including trust fund recovery penalties of more than $95,000. (Id. at 8). He listed no cash or liquid assets, lives free in a condominium, and owns no real property. (Id.). After expense and alimony, he has only $200 per month in available funds. (Id. at 8-9). There is, accordingly, no prospect of recovering from him.[3]

Finally, to the extent that this injunction enjoins Roland V. Askins III, MD, P.A. from violating the Internal Revenue Code as it relates to withholding and paying employee taxes, the court's equitable authority permits this under principles of privity. That authority extends to

---

[3] The automatic stay in bankruptcy does not preclude injunctive relief under § 7402(a), as an injunction constitutes the "continuation of an action or proceeding by [the government] . . . to enforce such governmental unit's . . . police and regulatory power . . ." 11 U.S.C. § 362(b)(4). An exception to the automatic stay is recognized that permits the government "to enforce its laws uniformly without regard to the debtor's position in the bankruptcy court." *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (quotation omitted). Accordingly, this injunction proceeding may continue, notwithstanding the § 362 automatic stay.

"nonparties otherwise legally identified" with a party. *ADT LLC. v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017). Roland V. Askins III is the sole shareholder of Roland V. Askins III, MD, P.A., an S corporation, and therefore can be said to be "in active concert or participation with" him. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292-93 (11th Cir. 2010) (finding sole shareholder in privity with entity). It follows that its interests are represented and adjudicated in connection with the issuance of an injunction. The relationship between Roland V. Askins III and his P.A. is sufficiently close to bind the P.A. to the injunction.

**DONE AND ORDERED** this 23rd day of December, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Unrepresented Parties