UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No: 8:17-cv-92-T-27AAS

ASKINS & MILLER ORTHOPAEDICS,
P.A., ROLAND V. ASKINS III, and
PHILIP H. ASKINS,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the United States' Motion for Summary Judgment (Dkt. 44), and its Notice Regarding Summary Judgment (Dkt. 73). Defendants did not respond and the time in which to do so has passed. The Motion is therefore deemed unopposed. *See* Local Rule 3.01(b). Upon consideration, the Motion (Dkt. 44) is **GRANTED** as to Count I.[1]

Relying on 26 U.S.C. § 7402(a), the United States seeks a permanent injunction requiring Defendant Roland V. Askins III to comply with his employment tax obligations.[2] (Dkt. 44 at 10). And in its Notice, the United States requests that "[i]n place of the relief sought in the motion for summary judgment, the United States seeks a permanent injunction that is limited to the terms of the preliminary injunction currently in place." (Dkt. 73 at 2).[3]

---

[1] In its Complaint, the United States asserts two counts: one for permanent injunctive relief (Count I), and another for damages to account for outstanding tax liabilities (Count II). Previously, the United States' Motion for Summary Judgment was granted only as to Count II. (Dkt. 50). At that time, the court lacked jurisdiction over Count I due to the United States' filing of a notice of appeal of the denial of a preliminary injunction. (Id.). With the appeal having been resolved, the United States' Motion for Summary Judgment on Count I is ripe for review.

[2] Defendants Philip H. Askins and Askins & Miller Orthopaedics, P.A. were voluntarily dismissed from Count I. *See* (Dkt. 75).

[3] On December 17, 2019, a hearing was conducted on the United States' Renewed Motion for Preliminary Injunction under 26 U.S.C. § 7406(a), as directed by the Eleventh Circuit. That motion was granted and a preliminary

1

## I. MATERIAL UNDISPUTED FACTS

The facts in this case are undisputed. Roland V. Askins III was the president of Askins & Miller, a medical practice in Sarasota, Florida. (Paulsen Decl. ¶ 19, Dkt. 44-1). Askins & Miller has repeatedly failed to comply with its employment tax obligations since 2010. (Dkt. 44 at 3). And for the period between June 30, 2010 through December 31, 2015, Askins & Miller has unpaid employment taxes for fifteen quarters. (Dkt. 44-1 at ¶ 4). The unpaid liabilities total $272,133.15. (Id. ¶ 8). Moreover, Askins & Miller has outstanding employment tax liabilities related to its 2016 and 2017 returns. (Id. ¶ 9).

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing, by reference to materials on file, that there are no genuine disputes of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the movant adequately supports its motion, the burden shifts to the nonmoving party to show specific facts that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815

---

injunction was issued. *See* (Dkt. 72). Defendant Roland V. Askins III, Roland V. Askins III, MD, P.A., and all persons and entities in active concert or participation with them were enjoined from violating the Internal Revenue employment tax reporting and payment requirements. *See* (Dkt. 72).

(11th Cir. 2010). The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 658 (11th Cir. 2012). "Although all justifiable inferences are to be drawn in favor of the nonmoving party," *Baldwin Cty. v. Purcell Corp.*, 971 F.2d 1558, 1563-64 (11th Cir. 1992), "inferences based upon speculation are not reasonable," *Marshall v. City of Cape Coral*, 797 F.2d 1555, 1559 (11th Cir. 1986).

## III. DISCUSSION

The United States has moved for summary judgment as to Count I against Roland V. Askins III, seeking a permanent injunction against him pursuant to 26 U.S.C. § 7402. (Dkt. 44). The United States maintains that he has shown a consistent pattern of disobeying the internal revenue laws, while also accumulating substantial tax liabilities. (Id. at 1). The focus of the United States' concern is the failure of Roland V. Askins III to remit withheld payroll taxes to the Internal Revenue Service when he practiced with Askins & Miller Orthopaedics, P.A. The United States contends this demonstrates a likelihood of future violations of the Internal Revenue Code as it relates to collecting and remitting employee payroll taxes. This court previously found that the United States had demonstrated Roland V. Askins III's proclivity for unlawful conduct in the past, by failing to pay over income tax and Federal Insurance Contributions Act (FICA) taxes withheld from employees of Askins & Miller Orthopaedics, P.A. Specifically, this court found that "Defendants have diverted and misappropriated those funds, rather than remit them to the IRS." (Dkt. 43 at 3).

Under FICA, Roland V. Askins III and Roland V. Askins III, MD, P.A, are required to withhold payroll taxes from wages paid to employees and remit those taxes, along with the employer's share of FICA taxes, to the IRS. *See* 26 U.S.C. §§ 3101, 3102, 3111, and 3402. Once those taxes are withheld, they "constitute a special fund held in trust for the United States." *Thibodeau v. United States*, 828 F.2d 1499, 1506 (11th Cir. 1987).

Roland V. Askins III does not contest his or his P.A.'s responsibility to pay their employment tax obligations, and admitted that Askins & Miller Orthopaedics, P.A. failed to deposit or made late deposits of employment taxes over a seven year period. (Dkt. 23-2). And since December 2010, the IRS has made numerous attempts to bring Askins & Miller into compliance with its obligations through phone calls, in person meetings, and installment agreements. (Id. at ¶¶ 28-31). And "[s]ince that time, the company . . . has only sporadically complied with its obligations to deposit its employment taxes and pay them over to the IRS. The few instances in which the company has complied indicate that Defendants know how to follow the law but nonetheless choose to disobey it." (Id. at ¶ 4).

The statutes with which Roland V. Askins III must comply are specific, and the record demonstrates that he is well aware of the conduct the Government's proposed injunction addresses: his failure to remit to the IRS taxes withheld from employees. *See* 26 U.S.C. §§ 3102, 3111, 3402, 6302 and 6157; 26 C.F.R. § 31.6302-1. Indeed, since Roland V. Askins III, MD, P.A. was established, employee tax returns have been filed each quarter since the last quarter of 2018, and withheld taxes and FICA taxes paid. Notwithstanding, the history of transgression by Roland V. Askins III and his former P.A. alone demonstrates that, unless enjoined, he is likely to repeat those transgressions. Based on this evidence, a preliminary injunction was issued. (Dkt. 72).

Accordingly, summary judgment against Roland V. Askins III on Count I is due to be granted. And because this court has previously determined his proclivity for unlawful conduct, permanent injunctive relief is therefore appropriate. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949) ("Decrees . . . are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown. Respondent's record of continuing and persistent violations of the Act would indicate that that kind of a decree was wholly warranted in this case.") (internal citations omitted).

As noted, the United States seeks a permanent injunction against Roland V. Askins III pursuant to 26 U.S.C. § 7402(a). Specifically, the United States requests that this Court make permanent the preliminary injunction which required him, as well as all persons and entities in active concert or participation with him, to:

> (1) "file or cause to be filed, all required employment tax returns and pay to the Internal Revenue Service ("IRS") all income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A., and Roland V. Askins III's and/or Roland V. Askins III, MD, P.A.'s share of FICA taxes"; and
>
> (2) "segregate, on a semiweekly schedule, all employment taxes of employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A. in a federal depository bank in accordance with the federal deposit regulations."

(Dkt. 73 at 2).

Section 7402(a) "encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1358 (11th Cir. 2019) (citing *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984)). Among those powers is the district court's ability to issue "orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The traditional factors "shaping the district court's use of the equitable remedy" of injunction are considered in determining the propriety of injunctive relief under § 7402(a). *Ernst & Whinney*, 735 F.2d at 1301. The United States must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered absent the injunction; (3) the threatened injury outweighs the potential damage of the proposed injunction; and (4) the injunction would not be adverse to the public interest.[4] *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).

---

[4] Although Defendants did not dispute the first, third, and fourth factors when litigating the preliminary injunction, this court determined that the likelihood that the United States could avoid irreparable harm by obtaining monetary relief is virtually non-existent. As the United States correctly contends, "[t]here is no reasonable prospect of collecting any future money judgments for unpaid employment taxes." (Dkt. 62 at 7). Roland V. Askins III, MD, P.A. has no assets and has substantial liabilities and a judgment against it for more than $124,000. (Id.). Roland's

5

Having previously found that each of these factors were satisfied for a preliminary injunction to issue (Dkt. 72 at 3-4), as well as the analysis above explains, I find that each of the traditional equitable factors are satisfied for a permanent injunction to issue.

Accordingly, Defendant Roland V. Askins III, as well as all persons and entities in active concert or participation with him, shall:

(1) "file or cause to be filed, all required employment tax returns and pay to the Internal Revenue Service ("IRS") all income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A., and Roland V. Askins III's and/or Roland V. Askins III, MD, P.A.'s share of FICA taxes"; and

(2) "segregate, on a semiweekly schedule, all employment taxes of employees of Roland V. Askins III and/or Roland V. Askins III, MD, P.A. in a federal depository bank in accordance with the federal deposit regulations."

Finally, and similar to the preliminary injunction, to the extent that this permanent injunction enjoins Roland V. Askins III, MD, P.A. from violating the Internal Revenue Code as it relates to withholding and paying employee taxes, the court's equitable authority permits this under principles of privity. That authority extends to "nonparties otherwise legally identified" with a party. *ADT LLC. v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017). Roland V. Askins III is the sole shareholder of Roland V. Askins III, MD, P.A., an S corporation, and therefore can be said to be "in active concert or participation with" him. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292-93 (11th Cir. 2010) (finding sole shareholder in privity with entity). It follows that its interests are represented and adjudicated in connection with the issuance of an injunction. The relationship between Roland V. Askins III and his P.A. is sufficiently close to bind the P.A. to the injunction.

---

practice is making "just marginally" more than its expenses. (Id.). In his October 2018 bankruptcy filing, he listed just $47,925 in assets, and more than $4,814,000 in liabilities, including trust fund recovery penalties of more than $95,000. (Id. at 8). He listed no cash or liquid assets, lives for free in a condominium owned by a third party, and owns no real property. (Id.). After expense and alimony, he has only $200 per month in available funds. (Id. at 8-9). There is, accordingly, no prospect of recovering from him.

## IV. CONCLUSION

The United States' Motion for Summary Judgment is **GRANTED** as to Count I. The United States' request for a permanent injunction is **GRANTED**. The Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the injunction. The Clerk is directed to **ENTER JUDGMENT** in favor of the United States and against Roland V. Askins III, and **CLOSE** the file.

**DONE AND ORDERED** this 10th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties